IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RONNIE LEE WARREN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:09cv1125-WHA |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence filed by federal inmate Ronnie Lee Warren ("Warren").

## I.  BACKGROUND

On September 24, 2008, in accordance with a plea agreement, Warren pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count 1 of the indictment).[1]  Following a sentencing hearing on December 11, 2008, the district court sentenced Warren to 10 years' imprisonment.  Warren did not appeal.

On October 28, 2009, Warren filed this § 2255 motion, asserting that his counsel rendered ineffective assistance in the following ways:

---

[1] Under the plea agreement (Gov. Exh. B [Doc. No. 5-2]), Counts 2 through 6 of the indictment, which charged Warren with various other drug offenses, were dismissed.  In addition, the government agreed to move for a three-level reduction in sentence, pursuant to U.S.S.G. § 3E1.1, for acceptance of responsibility.  The plea agreement also contained a waiver provision whereby Warren relinquished his rights to appeal and collaterally attack his conviction and sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct.

1. Counsel underestimated his sentencing exposure when advising him to plead guilty and failed to properly inform him of the maximum sentence he faced, thereby rendering his guilty plea unknowing and involuntary.

2. Counsel failed to object to the "overstated" criminal history set forth in his presentence investigation report.

3. Counsel failed to ensure that he received a three-level reduction in his sentence, pursuant to U.S.S.G. § 3E1.1, based on acceptance of responsibility.

4. Counsel failed to object when he was not allowed to allocute at the sentencing hearing.

5. Counsel failed to object on the ground that the probation office did not conduct a presentence interview with him, as required by Fed.R.Crim.P. 32(j)(1)(B).

(Doc. No. 1 at 1-6.)[2]

Warren later filed an amendment to his § 2255 motion, in which he reasserted several of his claims of ineffective assistance of counsel and/or asserted the allegations underlying these claims as separate, substantive claims.[3] (Doc. No. 10.) In addition, Warren asserted new claims that (1) the district court improperly applied the advisory guidelines at sentencing and (2) neither he nor his counsel received a copy of the presentence investigation report until the day of sentencing. (*Id*. at 2-6.)

The government answers that all of Warren's claims are meritless and that, in addition

---

[2]Pages references in the pleadings are to those assigned by CM/ECF.

[3]In this Recommendation, this court will discuss any of Warren's separate, substantive claims as part of its discussion of his claims of ineffective assistance of counsel wherever those separate, substantive claims underlie the claims of ineffective assistance of counsel.

to being meritless, any substantive claims asserted by Warren are barred from review under the terms of the waiver provision contained in his plea agreement. (Doc. Nos. 5 & 14.) After due consideration of Warren's § 2255 motion as amended, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion should be denied.

## II.   DISCUSSION

A.   **Ineffective Assistance of Counsel Claims**

   *1.   Standard of Review*

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. To succeed on a claim of ineffective assistance of counsel, a petitioner must satisfy both prongs of the test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The *performance* prong requires a petitioner to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The *prejudice* prong requires a petitioner to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687.

Under the performance component of the *Strickland* inquiry, a petitioner must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance

remains simply reasonableness under prevailing professional norms." *Id*. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687). In any ineffective assistance analysis, scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000); *see Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

Under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial

4

fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697 (A court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one."); *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("[I]f a defendant cannot satisfy the prejudice prong, the court need not address the performance prong.").

### 2. *Failure to Give Proper Advice about Potential Sentence*

Warren contends that his counsel underestimated his sentencing exposure when advising him to plead guilty and failed to properly inform him of the maximum sentence he faced, thereby rendering his guilty plea unknowing and involuntary. (Doc. No. 1 at 4-6; Doc. No. 9 at 2; Doc. 18 at 4-5.) Warren sets forth almost no facts in support of this claim. In any event, his claim conflicts with the record, which indicates that he entered his guilty plea fully aware of the sentence that could be imposed.

5

First, the transcript of the change of plea hearing reflects that the magistrate judge fully and correctly advised Warren of the statutory minimum and maximum sentence applicable to his offense ("not less than ten years' imprisonment, no more than life imprisonment..."[4]). (Gov. Exh. C [Doc. No. 5-3] at 8.) In addition, the written plea agreement set forth this same statutory range. (Gov. Exh. B [Doc. No. 5-3] at 1-2.) At the change of plea hearing, Warren stated under oath that he and his counsel had reviewed and discussed the plea agreement, and that he understood the terms of the plea agreement. (Gov. Exh. C [Doc. No. 5-3] at 3-4.) Moreover, Warren told the court that, other than the terms of the plea agreement, no one had made any promises or assurances to him to get him to plead guilty. (*Id*. at 6.) Warren also acknowledged that he understood his sentence would be determined by a combination of the sentencing guidelines and the applicable statutes.[5]

---

[4]*See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A).

[5]The relevant exchange during the guilty plea colloquy was as follows:

> THE COURT: The sentence in your case will be determined by a combination of the advisory sentencing guidelines plus the statutory factors set out in the narcotics law, and the other statutory sentencing factors set out in 18 U.S.C. § 3553(a). Have you and your attorney talked about how the advisory sentencing guidelines may apply to your case?
>
> [WARREN]: Yes, sir.
>
> THE COURT: Do you understand that at this moment no one, including the judge who will sentence you, can tell you precisely what the advisory guidelines would be in your case?
>
> [WARREN]: Yes, sir.

(continued...)

(*Id*. at 9.)  Finally, in an affidavit filed with this court, Warren's former counsel avers that he fully explained the terms of the plea agreement to Warren and that he also advised Warren that the guideline range in his case would be "restricted" by the fact that he was subject to the mandatory statutory minimum of 120 months (10 years) in prison.  (Doc. No. 4 at 2-3.)

The *Strickland* standard for evaluating claims of ineffective assistance of counsel was held applicable to guilty pleas in *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  It therefore falls upon a petitioner alleging ineffective assistance in this context to establish that counsel's performance was deficient (i.e., professionally unreasonable) and that counsel's deficient performance "affected the outcome of the plea process."  *Hill*, 474 U.S. at 59.  In other

---

[5](...continued)
        THE COURT: And that no one would be able to do so until after the Presentence Report is complete, and you and the United States would have had an opportunity to challenge the reported facts and application of the guidelines recommend by the probation officer, and the sentence that is ultimately imposed upon you may be different than any estimate your attorney may have given you?  Do you understand that?

        [WARREN]: Yes, sir.

        THE COURT: Do you also understand that after your initial advisory guideline range has been set, the Court has, under some circumstances, the authority to depart upward or downward from the guideline range, and will examine those statutory sentencing factors under [§] 3553(a), and that that process may result in the imposition of a sentence that is either greater or lesser than the advisory guidelines?  Do you understand that?

        [WARREN]: Yes, sir.

(Gov. Exh. C [Doc. No. 5-3] at 9-10.)

words, to establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would ... have pleaded [not] guilty and would ... have insisted on going to trial." *Id*.  In evaluating claims of ineffective assistance of counsel in the context of guilty pleas, a mere allegation by a defendant that he would have insisted on going to trial but for counsel's errors, although required, is insufficient to establish prejudice; rather, the court will look to the factual circumstances surrounding the plea to determine whether the defendant would have proceeded to trial.  *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001); *United States v. Arvantis*, 902 F.2d 489, 494 (7th Cir. 1990).

"There is a strong presumption that the statements made during the [guilty plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).  "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).  Moreover, a defendant's representations regarding the voluntary nature of his plea "constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Weighing the cursory assertions in Warren's § 2255 motion against the relevant portions of the record – including the transcript of the change of plea hearing, where Warren was fully advised of the statutory minimum and maximum sentence and the applicability of the advisory guidelines and represented to the court that he understood his sentencing

exposure and that his guilty plea had not been induced by anyone's promises or assurances (which would include promises or assurances about the sentence he would receive) – this court finds that Warren has not overcome the "formidable barrier" created by his sworn statements at his plea hearing. By failing even to state in his motion *how* his counsel misinformed him regarding his sentencing exposure, Warren presents a claim with little meat. Nowhere in his motion, moreover, does Warren even assert forthrightly that, but for his counsel's allegedly deficient advice, he would not have pled guilty and would instead have insisted on going to trial.[6] Under the circumstances, Warren fails to establish that his counsel rendered deficient performance that "affected the outcome of the plea process." *Hill*, 474 U.S. at 59. Consequently, he is not entitled to any relief based on this allegation of ineffective assistance of counsel.

### 3. *Failure to Object to "Overstated" Criminal History*

Warren contends that his counsel rendered ineffective assistance by failing to object to what he says was the overstated criminal history set forth in his PSI. (Doc. No. 1 at 4; Doc. No. 10 at 1-3; Doc. No. 18 at 2.) In this regard, it appears that Warren is referring to his prior state convictions in Geneva County, Alabama, in Case Nos. CC-90-57 and CC-93-109, which were referenced in his PSI and considered as two separate "sentences of imprisonment" for purposes of calculating his criminal history points (and, in turn, his

---

[6]What *is* clear from the factual circumstances of Warren's guilty plea is that it was entered in exchange for the dismissal of five other felony counts against him and resulted in imposition of the statutory minimum sentence for the single count of which he was convicted.

Criminal History Category). Warren maintains that the two Geneva County convictions should have been treated as a single sentence of imprisonment for purposes of calculating his criminal history points, which would have resulted in his being classified with a lower Criminal History Category (and a lower guideline sentencing range).

Warren's claim is without merit. His convictions in Case Nos. CC-90-57 and CC-93-109 were correctly counted as two separate sentences of imprisonment. It is clear from the record[7] that these two convictions stemmed from events separated significantly by time (three years), that the two convictions did not arise out of the same course of conduct, that Warren was arrested separately for the different offenses (in January 1990 and in April 1993), that he was charged separately for the offenses, and that the sentences for the two convictions were imposed on different dates (April 1991 and March 1994).[8] *See* U.S.S.G. § 4A1.2 (setting forth factors for determining whether prior sentences of imprisonment should be counted separately for purposes of computing criminal history). Therefore, there was no basis for Warren's counsel to argue that the PSI "overstated" his criminal history. Counsel cannot be ineffective for failing to raise a meritless issue. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir.

---

[7]*See* Gov. Exh. D (Doc. No. 5-4) at pp. 6-7, ¶¶ 24 & 26.

[8]The PSI indicates that in March 1994, Warren's sentence of imprisonment in Case No. CC-93-109 was ordered to run concurrently with the remainder of his seven-year sentence in Case No. CC–90-57 (originally imposed in 1991), which Warren was ordered to serve when his probation was revoked in Case No. CC-90-57. Clearly, this did not mean that the sentences of imprisonment in the two cases were countable as a single sentence for purposes of computing Warren's criminal history.

1992). Warren is not entitled to any relief based on this claim.

### 4.     *Failure to Ensure That Three-level Reduction in Sentence Was Applied*

Warren contends that his counsel was ineffective for failing to ensure that he received a three-level reduction in his sentence, pursuant to U.S.S.G. § 3E1.1, based on acceptance of responsibility. (Doc. No. 1 at 5-6; Doc. No. 9 at 2-4.) This claim is wholly without merit, as the record clearly reflects that Warren received the three-level reduction under § 3E1.1.[9] (*See* Gov. Exh. E [Doc. No. 5-5] at 3; Gov. Exh. D at p. 5, ¶ 20.) Consequently, Warren is not entitled to relief based on this claim of ineffective assistance of counsel.

### 5.     *Failure to Object to Lack of Sentencing Allocution*

Warren contends that his counsel rendered ineffective assistance by failing to object when he was not allowed an opportunity to allocute at his sentencing hearing. (Doc. No. 1 at 6; Doc. No. 9 at 3; Doc. No. 10 at 2 & 4.) This claim, too, lacks merit. The transcript of the sentencing hearing reflects that the district court did in fact allow Warren an opportunity to allocute, but that Warren declined. (Gov. Exh. E [Doc. 5-5] at 5.) Counsel is not ineffective for failing to object on a meritless ground.

### 6.     *Failure to Object to Lack of Presentence Interview*

---

[9]The record reflects that Warren's base offense level was 30 and that three levels were then deducted under U.S.S.G. § 3E1.1, based on his acceptance of responsibility, yielding a total offense level of 27. (Gov. Exh. D at pp. 4-5, ¶¶ 14-20.) Factoring in his Criminal History Category of IV, *id*. at p. 7, ¶ 28, Warren's advisory guidelines sentencing range was from 100 to 125 months, *id*. at p. 9, ¶ 41. However, the statutory minimum sentence applicable to Warren's offense was 120 months (10 years).

Warren asserts that his counsel rendered ineffective assistance by failing to object on the ground that the probation office did not conduct a presentence interview with him, as required by Fed.R.Crim.P. 32(j)(1)(B). (Doc. No. 1 at 6; Doc. No. 9 at 2; Doc. No. 10 at 3; Doc. No. 18 at 2.) However, it is clear from the record – and from the PSI in particular – that the probation office did, in fact, conduct a presentence interview with Warren. (*See* Gov. Exh. D at, e.g., p. 8, ¶¶ 32, 33, 36.) Once more, Warren has asserted a claim that lacks a basis in fact. His counsel could not be ineffective for failing to object to the lack of an interview when one in fact was conducted.

**B.    Substantive Claims**

Warren presents the two following separate substantive claims: (1) that the district court improperly applied the advisory guidelines at sentencing, and (2) that neither he nor his counsel received a copy of the PSI until the day of sentencing. (Doc. No. 10 at 2-6; Doc. No. 18 at 2 & 6.)

The plea agreement contained a waiver provision whereby Warren relinquished his rights to appeal and collaterally attack his conviction and sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct. (Gov. Exh. B [Doc. No. 5-2] at 7-8.) An appeal waiver or collateral-attack waiver is valid if a defendant enters into it knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-55 (11th Cir. 1993). In this circuit, such waivers have been enforced consistently according to their terms. *See United States*

*v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases).  To enforce such a waiver, the government must demonstrate either that (1) the district court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver.

Here, there is no indication in the pleadings or other records before this court that Warren's waiver was anything but knowing and voluntary and as stated in the written plea agreement.  At the change of plea hearing, the magistrate judge ascertained from Warren that he had read and discussed the plea agreement with his counsel before signing it, and that he understood the terms of the plea agreement.  (Gov. Exh. C [Doc. No. 5-3] at 3-4.)  In addition, the terms of the waiver were discussed in open court, with Warren representing to the court that he understood them.  (*Id*. at 10-11.)  Because the record establishes that Warren's assent to the waiver in his plea agreement was knowing and voluntary, his separate substantive claims that the district court improperly applied the advisory guidelines at sentencing, and that neither he nor his counsel received a copy of the PSI until the day of sentencing are barred from review by this court.

In any event, Warren's separate substantive claims are not meritorious.  Warren's only specific allegations in support of his claim that the district court misapplied the sentencing guidelines are that (1) the court improperly treated his prior state convictions in Geneva County, Alabama, in Case Nos. CC-90-57 and CC-93-109, as two separate

sentences of imprisonment when computing his criminal history and (2) the court "failed to take into account the recommend sentencing guidelines of 80 to 90 months as submitted by the PSI/PSR, US. Probation Officer." (Doc. No. 10 at 1-3.) However, as discussed earlier in this Recommendation (*see* Part II.A.3), Warren's prior convictions in Case Nos. CC-90-57 and CC-93-109 were correctly counted as two separate sentences of imprisonment for purposes of computing his criminal history. Next, Warren is simply incorrect when he says that his probation officer calculated and recommended a guideline sentence "of 80 to 90 months." Warren's actual guidelines sentencing range, as computed in the PSI, was from 100 to 125 months. (Gov. Exh. D [Doc. No. 5-4] at p. 9, ¶ 41.) The PSI also indicated that because the statutory minimum sentence applicable to Warren's offense was 120 months (10 years), his applicable guidelines sentencing range was effectively from 120 months to 125 months. (*Id*.) Thus, Warren is not entitled to any relief based on his claim that the district court misapplied the sentencing guidelines in his case.

     Nor is Warren entitled to any relief based on his claim that neither he nor his counsel received a copy of the PSI until the day of sentencing. At his sentencing hearing, Warren stated under oath that he and his counsel had previously reviewed and discussed the PSI, including any revisions that may have been made after initial disclosures. (Gov. Exh. E [Doc. No. 5-5] at 2-3.) In his affidavit filed with this court, Warren's counsel avers that after he received the PSI, he visited Warren in jail and reviewed the PSI in its entirety with Warren. (Doc. No. 4 at 3.) Even assuming – against the evidence to the contrary – that

neither Warren nor his counsel received a copy of the PSI until the day of sentencing, Warren fails to present any convincing argument tending to show how he was prejudiced by the untimely receipt of the PSI. Thus, he is not entitled to relief based on this claim.[10]

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Warren be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **November 8, 2011.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

---

[10]Because Warren does not establish any prejudice in this regard, he would also not be entitled to relief based on any claim he might assert alleging that his counsel was ineffective for failing to object to the purportedly untimely receipt of the PSI.

Done this 26ʰ day of October, 2011.

                                      /s/ Terry F. Moorer
                                      TERRY F. MOORER
                                      UNITED STATES MAGISTRATE JUDGE