IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONNIE LEE WARREN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 1:09cv1125-WHA |
| ) | |
| UNITED STATES OF AMERICA, ) | (WO) |
| ) | |
| Respondent. ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #19), entered on October 26, 2011, and Petitioner's Objections to the Recommendation (Doc. #26), filed on March 27, 2012. Upon an independent evaluation and *de novo* review of the file in this case, the court finds the objections to be without merit.

In his objections to the Recommendation, Warren contends that his counsel did not consult with him about the advantages and disadvantages of appealing. (Doc. No. 26 at pp. 1-3.) However, Warren did not assert this claim, in any manner, in his § 2255 motion or the amendment to his § 2255 motion. Therefore, it is not properly before this court in his objections. Although not necessary to the disposition of this claim, it is noted that the plea agreement contained a waiver provision whereby Warren relinquished his rights to appeal and collaterally attack his conviction and sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct. At the change of plea hearing, Warren stated under oath that he and his counsel had reviewed and discussed the plea

agreement, and that he understood its terms, including the waiver provision.

In his objections, Warren also contends that his counsel was ineffective for failing to advise him that "he could obtain a conditional plea agreement." (Doc. No. 26 at pp. 3-4.) Warren did not assert this claim in his § 2255 motion or the amendment thereto. It is therefore not properly before this court in his objections.

Next, Warren says that the government breached the terms of the plea agreement by failing to file a § 5K1.1 motion for downward departure. (Doc. No. 26 at p. 4.) He also claims that his counsel erroneously advised him that the government would file such a motion. (*Id*. at pp. 4-5.) These claims, too, are presented for the first time in Warren's objections. Therefore, they are not properly before this court.

Warren reasserts his claim, presented in his § 2255 motion, that his counsel failed to give him proper advice about his potential sentence. (Doc. No. 26 at pp. 5-8.) As noted in the Magistrate Judge's Recommendation, Warren set forth almost no facts in his § 2255 motion in support of this claim and, in any event, his claim conflicts with the record, which indicates that he entered his guilty plea fully aware of the sentence that could be imposed.

Warren reasserts his § 2255 claim that his counsel was ineffective for failing to object when he (allegedly) was not allowed an opportunity to allocute at his sentencing hearing. (Doc. No. 26 at p. 9.) As noted in the Recommendation, this claim lacks merit. The transcript of the sentencing hearing reflects that the district court did in fact allow Warren an opportunity to allocute, but that Warren declined. Counsel is not ineffective for failing to object on a meritless ground.

Finally, Warren reasserts his claims, presented in his § 2255 motion, that his counsel failed to object to his "overstated" criminal history in his PSI.  (Doc. No. 26 at pp. 9-10.)  In this regard, Warren maintains that his two prior Geneva County convictions should have been treated as a single sentence of imprisonment for purposes of calculating his criminal history points, which would have resulted in his being classified with a lower Criminal History Category (and a lower guideline sentencing range).  However, as noted in this court's Recommendation, Warren's claim is without merit.  His convictions in Geneva County Case Nos. CC-90-57 and CC-93-109 were correctly counted as two separate sentences of imprisonment.  It is clear from the record that these two convictions stemmed from events separated significantly by time (three years), that the two convictions did not arise out of the same course of conduct, that Warren was arrested separately for the different offenses (in January 1990 and in April 1993), that he was charged separately for the offenses, and that the sentences for the two convictions were imposed on different dates (April 1991 and March 1994).  Therefore, there was no basis for Warren's counsel to argue that the PSI "overstated" his criminal history.

Therefore, Petitioner's objections are OVERRULED, the court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby

ORDERED that this 28 U.S.C. § 2255 motion is DENIED, and this case is DISMISSED with prejudice.

DONE this 29th day of March, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE